UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IH-27 INVESTMENTS, LLC and § | | |
| 1031 SERVICES CORPORATION, § | | |
| § | | |
| **Plaintiffs,** § | | |
| § | | |
| vs. § | CIVIL ACTION NO.: 2:23-cv-00044-Z | |
| § | | |
| ACCEPTANCE INDEMNITY § | | |
| INSURANCE COMPANY, § | | |
| § | | |
| **Defendant.** § | | |

**DEFENDANT ACCEPTANCE INDEMNITY INSURANCE COMPANY'S
BRIEF IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS TO
DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Acceptance Indemnity Insurance Company ("Acceptance") files this its brief in support of its motion to dismiss and would show the Court:

### INTRODUCTION AND CASE BACKGROUND

This is an insurance coverage dispute arising from an appraisal of property damage. After Plaintiffs and Acceptance disagreed about the amount of loss, Plaintiffs invoked the Policy's appraisal provision. Plaintiffs designated Brady Owens as their appraiser and Acceptance designated Brett Lochridge as its appraiser. The two appraisers agreed on Jim Filipowicz as the umpire. Because the two appraisers could not agree on an award, Filipowicz became involved. On August 16, 2021, Filipowicz and Owens signed an appraisal award in the amount of $524,569.87 RCV/ $496,472.72 ACV.

After the appraisal award was executed, Plaintiffs' appraiser suggested that the appraisal should be reopened and the award modified. Because Acceptance's appraiser allegedly declined to reopen the appraisal, Plaintiffs filed suit against Acceptance alleging causes of action for breach of contract and violations of the Texas Insurance Code and Deceptive Trade Practices Act, as well as asserting a theory of promissory estoppel[1] and seeking to have the appraisal award set aside. *See* [ECF 6] ¶¶ 29-48. Because Plaintiffs claims are either not cognizable or not pled with any factual support, Acceptance files its Motion to Dismiss.

## ARGUMENTS AND AUTHORITIES

A district court may dismiss a complaint that "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Plaintiffs' pleading fails to sufficiently allege facts supporting all the essential elements of any cause of action and, therefore, should be dismissed.

### I. To survive a Rule 12(b)(6) Motion, the complaint must contain sufficient factual matter to state a claim.

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Abdon v. State Farm Lloyds*, 2017 U.S. Dist. LEXIS 131263 at * 4 (S.D. Tex. Aug. 17, 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at *4-5. A plaintiff must prove the plausibility of its claim with case-specific facts, not mere conclusions. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of the cause of action will not do." *Cavazos v. Sussex Ins. Co.*, 7:16-CV-00576, 2016 WL 6471139, at *1 (S.D. Tex. Nov. 2, 2016). An allegation is conclusory when it expresses "a

---

[1] Although Plaintiffs' claim of promissory estoppel is not a cause of action, but rather a theory of liability, it is clear from the face of Plaintiffs' First Amended Complaint that it is a theory of liability for breach of contract.

factual inference without stating the underlying facts on which the inference is based." *Merritt Hawkins & Assocs., LLC v. Gresham*, 948 F. Supp. 2d 671, 675 (N.D. Tex. 2013) (quoting Black's Law Dictionary (9th ed. 2009)). A complaint is insufficient if it tenders "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal citation omitted)). Although the Court must accept as true all well-pleaded facts, it need not accept as true overt legal conclusions or legal conclusions which have been "couched" as factual allegations. *Id.* (quoting *Iqbal*, 556 U.S. at 678).

**II.   Plaintiffs fail to state a claim against Acceptance upon which relief can be granted for breach of contract.**

Plaintiffs' alleged breach of contract is that Acceptance failed to comply with the appraisal provision in the Policy. [ECF 6] ¶ 30. Specifically, Plaintiffs allege that the appraisal panel agreed that the appraisal award may need to be revised and supplemented if the City of Amarillo prevented repairs. *Id.* ¶ 31. Plaintiffs allege the appraisal panel agreed:

> Please note this estimate presumes that the City of Amarillo will allow the repairs as outlined to proceed without triggering any code upgrades. Should there be code/building department issues with proceeding with the repairs as stated in this estimate a further review/supplement *may be required*.

[ECF 6-4] at 1 (emphasis added).

In order to establish a reasonable basis upon which the Court may predict Plaintiffs can recover against Acceptance for breach of contract, Plaintiffs must allege sufficient facts to show Acceptance breached a contract. As the only allegation in Plaintiffs' First Amended Complaint is that Acceptance breached the appraisal provision due to its designated appraiser agreeing that the award may need to be revised and supplemented, Plaintiffs must show Lochridge had actual or apparent authority to contract on behalf of Acceptance. *See Gaines v. Kelley*, 235 S.W.3d 179, 182 (Tex. 2007); *Tex. Priv. Sch. Found., Inc. v. Bullin*, 2021 Tex. App. LEXIS 10118 at *21 (Tex.

App.—Amarillo Dec. 22, 2021) ("The law does not presume agency."). An appraiser, however, is not an agent of the party designating him. *Cf. Franco v. Slavonic Mut. Fire Ins. Ass'n*, 154 S.W.3d 777, 787 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (upholding grant of summary judgment because among other things, there was "no evidence suggesting Slavonic influenced or exercised control over [the appraiser]"); *Boze Mem., Inc. v. Travelers Lloyds Ins. Co.*, 2013 U.S. Dist. LEXIS 28039 at *13 (N.D. Tex. Feb. 28, 2013) (pre-existing relationship alone is not sufficient to set aside appraisal award, there must be evidence of another factor such as "that the insurance company exerted control over the appraiser"); *see also* [ECF 6-1] ("[e]ach party will select a competent and impartial appraiser"). Plaintiffs' allegations that Acceptance made representations through Lochridge are nothing more than conclusions, devoid of any factual support. Plaintiffs have not pled any facts that would show Lochridge had actual or apparent authority and, thus, Plaintiffs' claim that Acceptance breached the Policy's appraisal provision because Lochridge did not agree to reopen the appraisal must fail. *Angroson, Inc. v. Ind. Communs., Inc.*, 711 S.W.2d 268, 271 (Tex. App.—Dallas 1986, writ ref'd n.r.e.) ("[A] contract executed by an unauthorized agent, who makes the agreement on behalf of another, not in his individual capacity, is not enforceable.").

Plaintiffs' breach of contract claim must fail for a second reason: Plaintiffs fail to plead any breach. As the estimate attached to Plaintiffs' First Amended Complaint clearly expresses, "a further review/supplement *may be required*." [ECF 6-4] at 1 (emphasis added). It is not an agreement that a further review/supplement will be undertaken. Further, while Plaintiffs have pled that their designated appraiser thought that the City of Amarillo's action warranted further review/supplementation, they have not pled that the umpire agreed that further

review/supplementation was warranted.[2] Attached as Exhibit 1 is the response that the umpire sent to the email on page 1 of Plaintiffs' Exhibit F.[3] The umpire clearly expressed he was "happy to have a call with [the appraisers] to discuss." Ex. 1. Plaintiffs never plead whether this call occurred or whether the umpire agreed that the award should be reviewed/supplemented and that fact is fatal to their claim of breach.

### III. Plaintiffs fail to state a claim against Acceptance upon which relief can be granted under the Texas Prompt Payment of Claims Statute.

Plaintiffs allege Acceptance violated the Prompt Payment of Claims Act by refusing to participate in the updated appraisal process. [ECF 6] ¶ 33. Aside from complaining that Acceptance failed to partake in an additional appraisal, Plaintiffs do not allege any specific facts showing how Acceptance failed to affirm or deny coverage within a reasonable time, nor make payment on a timely basis in compliance with Texas law. Plaintiffs point to no provision of the Prompt Payment of Claims Act that requires Acceptance to participate in appraisal at all, much less a second time. Thus, Plaintiffs fail to state a claim for breach of the Prompt Payment of Claims Act.

---

[2] Plaintiffs' Exhibit F contains two emails which Plaintiffs contend show Lochridge's change of position. As the Court can clearly see, however, these emails refer to different appraisals in which Owens, Lochridge, and Filipowicz worked together. The first email is dated April 25, 2022. [ECF 6-6] at 1. That is the appraisal at issue, as evidenced by the attachment titled "1031 Executed Award-2.pdf." *Id.* The second email, which Plaintiffs plead is a response to the first email, is dated September 28, 2021. *Id.* at 2. Ignoring the temporal impossibility of the second email being in response to an email that would not be sent for seven months, the subject line of these emails show they refer to different appraisals. *Id.* In other words, the email contained on pages 2-3 of Exhibit F has nothing to do with this appraisal.

[3] Acceptance contends that the Court may consider this email because Plaintiffs' pleading makes clear that it intended to attach the response to the email on Page 1 of its Exhibit F but, apparently inadvertently, attached a separate email. *See Lampkin v. UBS Fin. Servs.*, 925 F.3d 727, 730 n.2 (5th Cir. 2019) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."). If the Court believes that consideration of this email is outside the scope of Plaintiffs' First Amended Complaint, Acceptance requests the Court not consider this document as even without this document, Plaintiff fails to state a claim against Acceptance.

**DEFENDANT ACCEPTANCE INDEMNITY INSURANCE COMPANY'S**
**BRIEF IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS TO**
**DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**                    Page 5
282272179v.2

IV. **Plaintiffs fail to state a claim against Acceptance under Chapter 541 of the Texas Insurance Code or under the Deceptive Trade Practices Act.**

Just as they fail to allege a claim against Acceptance for breach of contract, Plaintiffs fail to allege claims against Acceptance for violation of Chapter 541 of the Texas Insurance Code.[4] Plaintiffs' claims under Chapter 541 can be separated into two categories: those based on alleged misrepresentations and those based on claim investigation and payment. Both should be dismissed.

### A. Plaintiffs' claims of misrepresentation must be dismissed.

The first series of Plaintiffs' claims are based on alleged misrepresentations. Those are the claims arising under Sections 541.051, 541.060(1), and 541.061 of the Texas Insurance Code. These claims must be pled with the particularity required under Rule 9(g). *See Encompass Office Solutions, Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 965 (E.D. Tex. 2011) (applying Rule 9(b) to claims of misrepresentation under Sections 541.060 and 541.061); *Gilmour v. Blue Cross & Blue Shield of Ala.*, 2021 U.S. Dist. LEXIS 60259 at *26-27 (E.D. Tex. Mar. 30, 2021) (applying Rule 9(b) to claims under Section 541.060(a)(1)). To satisfy Rule 9(b)'s pleading requirement as to these claims, Plaintiffs must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The Fifth Circuit has interpreted Rule 9(b) to "require specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation why they are fraudulent." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (quoting *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003)). This includes sufficient facts for the Court to find that the alleged agent was acting

---

[4] Because Plaintiffs' sole claim under the DTPA is based on its tie-in to the Texas Insurance Code, [ECF 6] ¶ 46, if those claims are dismissed then so too must Plaintiffs' DTPA claim.

with actual or apparent authority. *Marcotte v. Bank of Am.*, 2015 U.S. Dist. LEXIS 60976 at *14 (S.D. Tex. May 11, 2015).

All of these claims stem from Plaintiffs' allegation that Acceptance represented that the appraisal award would be revised and supplemented. *See* [ECF 6] ¶ 40. Plaintiffs' First Amended Complaint, however, makes clear that this representation was made by Lochridge, not Acceptance. *Id.* ¶ 17. And because Plaintiffs fail to allege facts that would show Lochridge had actual or apparent authority to make any such representations on behalf of Acceptance, Plaintiffs cannot state a claim for misrepresentation against Acceptance. *See generally TIG Ins. Co. v. James*, 184 F. Supp. 2d 591, 601 (S.D. Tex. 2001) (discussing an insurer's liability for misrepresentations made by an insurance agent).

Even if Lochridge was acting as Acceptance's agent, Plaintiffs still would not have pled sufficient facts to state a claim for misrepresentation. As Plaintiffs' Exhibit D makes clear, the award says "further review/supplementation *may be required*." [ECF 6-4] ¶ at 1. Plaintiffs have not pled any facts that would indicate further review/supplementation was necessary; they certainly have not pled that the umpire, who prepared the estimate that was the basis of the award, agreed that further review/supplementation was required.

Further, a misrepresentation under Section 541.051 or 541.061 must relate to the terms of the insurance policy. *See Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 446 (Tex. 2012) (misrepresentation must be about the terms of the policy, not whether the claim "was factually within the policy's terms" to be actionable). Magistrate Judge Hightower of the Western District of Texas succinctly summarized Texas law on the subject, stating:

> Under Texas law, these provisions of the Texas Insurance Code [Sections 541.051(1)(A) and (B), Section 541.060(a)(1), and Sections 541.061(1) and (2)] do not provide a cause of action based on post-loss statements regarding coverage. Courts have dismissed claims under each of these provisions for alleging

misrepresentations related to the extent of damages, the cause of the damage, or repair costs, rather than the terms of the policy.

*Platinum Trophy Hunts LLC v. Phila. Indem. Ins. Co.*, 2022 U.S. Dist. LEXIS 227515 at *8-10 (W.D. Tex. Dec. 19, 2022); *see also Olschwanger v. State Farm Lloyds*, 2021 U.S. Dist. LEXIS 163786 at *27-28 (E.D. Tex. July 30, 2021), *report and recommendation adopted*, 2021 U.S. Dist. LEXIS 163238 (E.D. Tex. Aug. 30, 2021). Plaintiffs must "point to an express misrepresentation or an omission relating to an insurance policy." *Id.* Thus, even if Lochridge were acting as Acceptance's agent, Plaintiffs' claims under Sections 541.051 and 541.061 must be dismissed.

### B. Plaintiffs' claims relating to the investigation and payment of the claim must be dismissed.

In addition to their claims based on misrepresentation, Plaintiffs also allege that Acceptance breached Section 541.060(2)(A), (3), (4), and (7) of the Texas Insurance Code. These claims are, generally, that Acceptance failed to attempt to effectuate a prompt, fair, and equitable settlement of the claim when its liability was reasonably clear (§541.060(2)(A)), failed to promptly provide Plaintiffs a reasonable explanation for its claim decision (§541.060(3)), failed to affirm or deny the claim within a reasonable time (§541.060(4)), and refused to pay a claim without conducting a reasonable investigation (§541.060(7)). None of these claims find any support in the factual allegations in Plaintiffs' First Amended Complaint.

The only factual allegations in Plaintiffs' First Amended Complaint relate to the appraisal process. Plaintiffs do not allege any facts regarding Acceptance's investigation of the claim besides that Plaintiffs disagreed with the claim decision and invoked appraisal. As a result, Plaintiffs do not plead any facts that could show Acceptance's investigation was unreasonable. Nor do Plaintiffs plead any facts as to when Acceptance's liability was reasonably clear. Similarly, Plaintiffs do not plead any facts that would show that Acceptance failed to promptly provide a reasonable

explanation for its claim decision or that Acceptance failed to affirm or deny the claim within a reasonable time. Plaintiffs simply recite the statutory language and alleges that Acceptance violated it. Such is insufficient to state a claim and thus Plaintiffs' statutory claims must be dismissed.

## V. Plaintiffs' request to set aside the appraisal award should be dismissed.

Plaintiffs' final "cause of action" is simply to set aside the appraisal award for mistake. Acceptance presumes this is relief is requested under the Declaratory Judgment Act and that Plaintiffs are seeking a declaration that the appraisal award was the result of mistake.[5] Plaintiffs fail, however, to plead sufficient facts to show any probability of relief on this claim.

As Plaintiffs plead, the umpire included the proposed language on his estimate that formed the basis of the award and sent it to the appraisal panel before the award was signed. [ECF 6] ¶ 17. Plaintiffs plead that their designated appraiser signed the award based on this communication. [ECF 6] ¶ 18. And as noted above, the estimate clearly states that further review/supplementation may be required if the City required additional work, not that it would automatically be required. Plaintiffs fail to plead any facts showing that the award did not operate as intended. Accordingly, their claim should be dismissed.

## VI. Because none of Plaintiffs' claims contain sufficient factual matter they must all be dismissed pursuant to Rule 12(b)(6).

Plaintiffs' Amended Complaint is a mere formulaic recitation of the elements of the causes of action pleaded and this "will not do." *Cavazos*, 2016 WL 6471139, at *1. Plaintiffs fail to satisfy the federal pleading standards and merely offer naked assertions that lack a factual basis from

---

[5] If Plaintiffs' cause of action is based on something other than the Declaratory Judgment Act, then it should be dismissed for failing to give Acceptance "fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. 544, 555 (2007).

which the Court could reasonably infer liability on the part of Acceptance. *Merritt Hawkins & Assocs.,* LLC, 948 F. Supp. 2d at 675. Moreover, Plaintiffs failed to plead sufficient facts which the Court could assume are true and determine if they "plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 678-79. For these reasons, Plaintiffs' claims against Acceptance should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

## PRAYER

Plaintiffs' claims are all based on the premise that Acceptance's designated appraiser was acting as its agent. Because Plaintiffs have not pled any facts that would support an inference that the appraiser had actual or apparent authority to act as Acceptance's agent, Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted. Acceptance, therefore, requests the Court dismiss Plaintiffs' claims and for any such other relief to which it is justly entitled.

Respectfully submitted,

*/s/ Jennifer Martin*
JENNIFER MARTIN
Texas Bar No. 00794233
Email: jennifer.martin@wilsonelser.com
TIMOTHY P. DELABAR
Texas Bar No. 24116273
Email: timothy.delabar@wilsonelser.com
**WILSON ELSER MOSKOWITZ
 EDELMAN & DICKER, LLP**
901 Main Street, Suite 4800
Dallas, Texas 75202-3758
Telephone: (214) 698-8000
Facsimile: (214) 698-1101

**ATTORNEYS FOR DEFENDANT
ACCEPTANCE INDEMNITY
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been forwarded to counsel of record in accordance with the Federal Rules of Civil Procedure, on this the 26th day of April, 2023.

Mitch D. Carthel
Ashley Hamilton
Mullin Hoard & Brown, LLP
500 S. Taylor St., Ste. 800
Amarillo, TX 79101
*mcarthel@mhba.com*
*ahamilton@mhba.com*

                                                  */s/Jennifer Martin*
                                                  **Jennifer Martin**